Diana **MERSROPYANAN**; Hayk **Baghdasaryan**, Petitioners,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 05–70187.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Feb. 20, 2007.*

Filed Feb. 27, 2007.

Diana Mersropyanan, Glendale, CA, pro se.

Hayk Baghdasaryan, Glendale, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Mary Jane Candaux, Esq., Melissa Neiman–Kelting, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

## MEMORANDUM **

Diana Mersropyanan, and her husband, Hayk Baghdasaryan, natives and citizens of Armenia, petition pro se for review of the Board of Immigration Appeals' ("BIA") order adopting and affirming the Immigration Judge's ("IJ") decision denying their application for asylum, withholding of removal and protection under to the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Garro-*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*villas v. INS,* 156 F.3d 1010, 1013 (9th Cir.1998), and we grant the petition for review.

 The IJ's findings that Mersropyanan's testimony was inconsistent regarding whether it was the "prosecutors" or "customs agents" who came to her house in May 2001 and how the authorities entered her house on September 20, 2001, do not constitute substantial evidence to support an adverse credibility finding. *See Singh v. Ashcroft,* 362 F.3d 1164, 1172 (9th Cir.2004) (holding that the BIA must explain how discrepancies go to the heart of the claim). Further, Mersropyanan fully explained the discrepancy as to whether she made the video regarding what happened to her brother before or after speaking with the customs agent Sarkisian and, in any event, the testimony was not used to bolster her claim for asylum. *See id.* at 1171; *Garrovillas* 156 F.3d at 1013. Because the IJ's adverse credibility findings are not supported by substantial evidence, additional documentary corroboration is not required. *See Kaur v. Ashcroft,* 379 F.3d 876, 890 (9th Cir.2004).

We therefore remand this case to the agency for further proceedings consistent with this opinion. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.